UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE PARTNERS, LLC, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ROBERT M. OLIVAN, et al.,<br><br>  Defendants. | Case No. 17-cv-00085-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND CASE TO SUPERIOR COURT** |

Defendant Robert M. Olivan removed this case from Contra Costa County Superior Court, where it was pending as a complaint for unlawful detainer against Defendant, and filed an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] On January 18, 2017, Plaintiff Duke Partners II, LLC filed a motion to remand this action to state court. [Docket No. 7.]

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id*.

Defendant has not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that summary remand be ordered and the IFP application and motion to remand be denied as moot.

## I. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002).

Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted) (brackets in original)).

## II. DISCUSSION

Defendant disclaims any reliance on diversity jurisdiction and argues only that the action presents a federal question. Defendant asserts that federal law "control[s]" the "trust deed loan under which the right to foreclosure arose," Notice of Removal 2, and references his constitutional due process and equal protection rights. *See id*. at 3, 4. Defendant further argues that "[t]he unlawful detainer trial courts rubber stamp all non-judicial foreclosures and summary evictions are executed under alleged 'duly perfected title' without a review of the true issues to identify the real parties in interest and protect the rights of unknown investors and property interests." *Id*. at 6.

The complaint that Plaintiff filed in Contra Costa County Superior Court simply alleges a

state cause of action under unlawful detainer. Compl. It does not provide any ground for removal. "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Snavely v. Johnson*, No. C 15-03773 WHA, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015) (citations omitted). Whatever Defendant intends to argue in response to the unlawful detainer allegation does not give rise to removal jurisdiction. *See Holmes Group*, 535 U.S. at 831; *see also Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon federal law do not confer federal jurisdiction upon state unlawful detainer claim).

Defendant also argues that a federal question arises under 28 U.S.C. § 1443. Section 1443 provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). In order to remove a case under section 1443(1), a notice of removal must satisfy a two-part test: "[f]irst, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, petitioners must assert that the state courts will not enforce that right**,** and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. (quoting *Sandoval*, 434 F.2d at 636).

Here, Defendant asserts that "[t]he unlawful detainer trial courts rubber stamp all plaintiff actions for evictions and do not protect defendant property interests and which thus [sic] constitutes illegal taking under color of law" and that "California Civil Code procedures authorizing evictions violate 42 U.S.C., §§ 1981-1982 . . ." Notice of Removal at 7. Defendant contends that California Civil Code section 2924 prevents him from enforcing "his equal rights to contract for and secure real property rights" in state courts and violates his constitutional rights. *Id*. at 8. Further, Defendant asserts that "there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom

3

are presumed to be unfamiliar with legal proceedings and/or illiterate in the English language and therefore ignorant of their rights) and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular, and who avoid the proper procedures to aid the monied hedge funds and banks." *Id*. at 7-8.

Defendant's allegations are entirely conclusory and thus insufficient. "[S]ection 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis." *Wells Fargo Bank Nat'l Ass'n v. Vann*, No. 13-cv-01148-YGR, 2013 WL 1856711, at *4 (N.D. Cal. May 2, 2013) (citing *Bogart v. Cal.*, 355 F.2d 377, 380-81 (9th Cir. 1966)). Moreover, Defendant has not cited any state law that suggests that the Contra Costa County Superior Court will not enforce his federal rights. He has therefore failed to show that removal pursuant to section 1443(1) is proper. *See id.*; *see also Deutsche Bank Nat'l Trust Co. v. Taylor*, No. 16-cv-06605-MEJ, 2016 WL 7332995, at *3 (N.D. Cal. Nov. 21, 2016) *report and recommendation adopted,* No. 16-CV-06605-WHO, 2016 WL 7325011 (N.D. Cal. Dec. 16, 2016) (recommending remand of unlawful detainer proceeding where defendant made identical conclusory allegations that "state statutory program . . . discriminates unfairly against Ethnic-Surname Americans").

### III. CONCLUSION

For the reasons above, the court recommends that this action be remanded to the Contra Costa County Superior Court, the IFP application and motion to remand be denied as moot, and that the Clerk be ordered to close the case file. The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: January 26, 2017

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DUKE PARTNERS, LLC, et al.,

    Plaintiffs,

v.

ROBERT M. OLIVAN, et al.,

    Defendants.

Case No. 4:17-cv-00085-DMR

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 1/26/2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert M. Olivan
1110 San Donato Ct.
Brentwood, CA 94513

Dated: 1/26/2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU